**EMERSON ELECTRIC CO., Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. SC 85513.**

Supreme Court of Missouri,
En Banc.

March 30, 2004.

Ann K. Covington, Juan D. Keller, B. Derek Rose, St. Louis, Edward F. Downey, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for Respondent.

RONNIE L. WHITE, Chief Justice.

**I.**

Emerson Electric Company, (Emerson) filed a timely refund claim with the Di-

rector of Revenue (DOR) for return of a use tax associated with the purchase of a company aircraft.[1] The DOR denied the claim, and the Administrative Hearing Commission (AHC) affirmed. The decision of the AHC is reversed, and the cause is remanded.

## II.

Emerson purchased a Falcon 900 EX aircraft to use for the interstate transport of its employees, customers and potential customers. Emerson remitted $1,160,847.48 in Missouri use tax on the purchase, but, subsequently, filed a timely refund claim based upon its recognized status as a Registered Property Carrier, a type of common carrier.[2] The DOR's audit division had previously approved of Emerson's qualification for common carrier tax exemptions based upon its use of trucks in Emerson's Transportation Division, but the DOR denied the requested refund on the aircraft finding Emerson's use of the aircraft was not encompassed by the common carrier tax exemptions. The AHC affirmed the denial.

## III.

This Court reviews the AHC's interpretations of revenue statutes "de novo."[3] The applicable revenue statute at issue is section 144.030.2(20), and this tax exemption is to be construed strictly, but reasonably, against the taxpayer.[4] Section 144.030.2(20) provides in pertinent part:

2. There are also specifically exempted from the provisions of the local sales tax law as defined in section 32.085, RSMo, section 238.235, RSMo, and sections 144.010 to 144.525 and 144.600 to 144.745 and from the computation of the tax levied, assessed or payable pursuant to the local sales tax law as defined in section 32.085, RSMo, section 238.235, RSMo, and sections 144.010 to 144.525 and 144.600 to 144.745:

\*    \*    \*    \*    \*    \*

(20) All sales of aircraft to common carriers for storage or for use in interstate commerce . . .

While chapter 144 lacks a definition of "common carrier," Emerson qualifies as a common carrier pursuant to sections 390.020 and 622.600(4).[5] There is no requirement in section 144.030.2(20) that the company use the aircraft as part of its common carrier operations. Mere storage or use of the plane in interstate commerce qualifies the common carrier for the exemption. Emerson uses the aircraft for the interstate transport of its employees, customers and potential customers, i.e. for interstate commerce.

1. Emerson, a Missouri corporation headquartered in St. Louis, has major operations in over thirty states.

2. See section 390.020. All statutory citations refer to RSMo 2000 unless otherwise specified.

3. *Acme Royalty Co. v. Director of Revenue*, 96 S.W.3d 72, 74 (Mo. banc 2002).

4. *Sunday School Bd. of Southern Baptist Convention v. Mitchell*, 658 S.W.2d 1, 4 (Mo. banc 1983).

5. Section 390.020(6) defines a "common carrier" as "any person which holds itself out to the general public to engage in the transportation by motor vehicle of passengers or property for hire or compensation upon the public highways and airlines engaged in intrastate commerce." Section 622.600(4) defines a "registered property carrier", as "a person who is entitled pursuant to subdivision (3) of this subsection to engage in the transportation by motor vehicle of property, except household goods, for hire or compensation in intrastate commerce on the public highways in this state. This term is included within the term 'common carrier' as defined in section 390.020, RSMo."

The decision of the AHC is reversed, and the cause is remanded.

All concur.