Loma ROBINSON, Respondent,

v.

ST. LOUIS BOARD OF POLICE COMMISSIONERS, Appellants.

No. ED 87487.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 5, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 18, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., David A. Johnston, Jefferson City, MO, for appellant.

W. Morris Taylor, Scott A. Bailey, Clayton, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

The St. Louis Board of Police Commissioners ("Board") appeals the trial court's

amended judgment in favor of Loma Robinson ("Robinson") in which the trial court reduced Robinson's judgment pursuant to the statutory limitation on damages for the year in which award was granted, not for the year in which the cause of action accrued. We affirm in part and remand in part.

## I. Background

On February 11, 2003, Loma Robinson was a passenger in a car operated by her sister. As Robinson traveled northbound, a police vehicle traveling westbound veered in front of Robinson. The two vehicles collided and Robinson suffered injury resulting in surgery, medical expenses and a loss of wages due to an inability to work. Robinson filed suit against the Board. On August 26, 2005, a jury returned a unanimous verdict of $500,000 in favor of Robinson and the trial court entered a judgment in accordance with this verdict. Subsequently, the trial court amended the judgment to $335,118 pursuant to Section 537.610 RSMo 2000.[1] The Board appeals.

## II. Discussion

On appeal, the Board contends the trial court erred in reducing Robinson's judgment according to the statutory limitation on damages for the year in which judgment was entered and not reducing Robinson's judgment according to the statutory limitation for the year in which the cause of action accrued. We are asked, therefore, to define for the first time the date from which a court should determine the limitation on liability for a cause of action against a sovereign under Section 537.610. We interpret the appropriate date to be the date of judgment.

Statutory interpretation is a question of law. *Nelson v. Crane*, 187 S.W.3d 868, 869 (Mo. banc 2006). We review such questions de novo. *Id.* In statutory construction, our primary responsibility is ascertaining the intent of the legislature from the language used and give effect to that intent. *Cook Tractor Co., Inc. v. Director of Revenue*, 187 S.W.3d 870, 873 (Mo. banc 2006). Undefined words are given their plain and ordinary meaning as found in the dictionary. *Id.* (citing *Asbury v. Lombardi*, 846 S.W.2d 196, 201 (Mo. banc 1993)).

■ Section 537.600.1 expressly waives sovereign immunity for "injuries directly resulting from the negligent acts or omission by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." In place of sovereign immunity there exists a statutory limit on liability. Section 537.610.5 states, "The limitation on *awards* for liability provided for in this section shall be increased or decreased on an annual basis effective January first of each year...." (Emphasis added).

■ Webster' Collegiate Dictionary defines "award" as "a judgment or final decision." WEBSTER'S COLLEGIATE DICTIONARY 81 (10th ed.1997). Black's Law Dictionary defines "award" as "[a] final judgment or decision, esp. one by an arbitrator or by a jury assessing damages." BLACK'S LAW DICTIONARY 132 (7th ed.1999). In light of the plain and ordinary meaning of "award," we hold that the date from which a court should determine the limitation on liability under Section 537.610 is the date of judgment.

The Board contends that because Section 537.615 states that "the provisions of this act increasing the liability of the state and its public entities shall only be applied to those causes of action that accrue on or after January 1, 2000," a court should determine limits on liability by the date on

---

1. All further statutory references are to RSMo 2000.

which the cause of action accrues. Although the Board aptly supports this argument with a policy rationale, we interpret Section 537.615 to merely set the date after which cases are subject to this new legislation. Moreover, the accrual language of Section 537.615 evinces the legislature's ability to use the word "accrues" when it means accrued, not award. Had the legislature intended to limit judgments as the Board contends, Section 537.610 would so state. Point denied.

■■■ The Board also alleges that Robinson is not entitled to interest on the judgment pursuant to Section 408.040 because the trial court failed to state the applicable interest rate in its judgment. We disagree. Although the Board is correct that Section 408.040 states that the interest rate "shall not vary once entered," here, no interest was entered. Moreover, "[t]he imposition of any interest from the date of judgment until payment is fixed and determined by the statute, and no declaration of the trial court can affect the rate." *Cotton v. 71 Highway Mini–Warehouse*, 614 S.W.2d 304 (Mo.App. W.D. 1981). Accordingly, Robinson is entitled to interest on the judgment calculated using the statutory interest rate set forth in Section 408.040. We therefore remand this case so that the trial court may calculate and award Robinson the appropriate interest.

### III. Conclusion

The judgment is affirmed in part and remanded in part.

KATHIANNE KNAUP CRANE, J., Concurs.

SHERRI B. SULLIVAN, J., Concurs.