Karen LINDQUIST, Individually and as Personal Representative of the Estate of Michael Lindquist, Respondent/Cross–Appellant,

v.

MID AMERICA ORTHOPAEDIC SURGERY, INC., Appellant/Cross–Respondent.

No. SC 87827.

Supreme Court of Missouri, En Banc.

May 1, 2007.

Rehearing Denied June 26, 2007.

Kenneth W. Bean, Jeremy K. Johnson, St. Louis, for appellant/cross-respondent.

James E. Hullverson, Jr., Clayton, for respondent/cross-appellee.

RICHARD B. TEITELMAN, Judge.

Mid America Orthopaedic Surgery, Inc., appeals from a judgment of the circuit court of the City of St. Louis awarding Karen Lindquist damages and post-judgment interest in a medical malpractice case. Lindquist cross-appeals. The judgment is affirmed in part, reversed in part, and the case is remanded.

## FACTS

Karen and Michael Lindquist filed suit against Mid America Orthopaedic Surgery, Inc., and nine other corporate employers of individual health care providers for medical malpractice. The lawsuit alleged negligent treatment of Michael Lindquist that allowed spinal cancer to progress undiagnosed and untreated, ultimately paralyzing him below the chest.

In May 2003, a jury returned a verdict in favor of the Lindquists and awarded Michael $5.5 million in damages. Karen was awarded $1.35 million. The circuit court entered judgment on the verdict, and Mid America was allocated 40 % fault; which amounted to more than $2.7 million. Another defendant, Scott Radiological, Inc., was allocated 5% fault. In October 2003, the trial court entered a judgment notwithstanding the verdict (JNOV) for Scott Radiological and granted a new trial for the remaining defendants, including Mid America.

The Lindquists appealed the order granting a JNOV to Scott Radiological and new trial to the remaining defendants. The court of appeals concluded that:

"The Judgment of the Circuit Court granting defendant Mid America and Barnes Jewish a new trial is reversed and remanded with instructions that the Trial Court reinstate the original jury verdicts on all issues except with respect to past economic damages. The case is remanded for a new trial on past economic damages. The Judgment granting Scott Radiological's JNOV is affirmed."

*Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635, 640 (Mo.App.2005).

The circuit court conducted a new trial and entered a judgment finding that past economic damages totaled $358,437.24, and that Mid America was responsible for 40% of that amount. The court also found that the Lindquists were entitled to post-judgment interest from June 18, 2003, which was the date of the judgment entered after the first trial.

Mid America has appealed from the judgment, and Lindquist has cross-appealed. Mid America asserts that the circuit court erred in awarding post-judgment interest dating back to the June 18, 2003, judgment and that, under section 408.040, RSMo Supp.2004, interest should only run from the February 21, 2006, judgment. Lindquist asserts that the circuit court erred by requiring Mid America to only pay 40% of the judgment. Lindquist contends that under the principles of joint and several liability set forth in section 538.230, Mid America is also liable for the 5% assessed against Scott Radiological prior to the JNOV in Scott's favor.[1]

## ANALYSIS

◼ Resolution of the issues in this case requires interpretation of section 408.040 and section 538.230. Statutory interpreta-

---

1. Lindquist also argues that if section 538.020 is interpreted as not requiring Mid America to pay the 5% fault apportioned to Scott Radiological, then the statute is unconstitutional as it divests her of property without due process.

However, because this Court concludes that Lindquist is entitled to collect from Mid America the damages apportioned to Scott, there is no need to address the constitutional argument.

tion is a question of law and is subject to de novo review. *Ochoa v. Ochoa,* 71 S.W.3d 593, 595 (Mo. banc 2002).

## I. *Post-judgment interest*

█ Mid America asserts that the circuit court erred in awarding post-judgment interest dating back to the June 18, 2003, judgment and, instead, that interest should only run from the February 21, 2006, judgment. In pertinent part, section 408.040 provides that "[i]nterest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made...."[2] Post-judgment interest under section 408.040 runs from the date of the entry of judgment, not from the date of a jury verdict. *Kansas City Power & Light Co. v. Bibb & Associates, Inc.,* 197 S.W.3d 147 (Mo.App.2006). A judgment is not entered until a judge signs a written judgment that is denominated as a judgment or decree. Rule 74.01(a).

The circuit court first entered judgment on June 18, 2003. However, the court set aside that judgment in October 2003 and ordered a new trial. The court of appeals ordered the circuit court to hold a new trial on the issue of past economic damages and to otherwise "reinstate the original jury verdicts." The court of appeals ordered the circuit court to reinstate the jury verdicts and also to hold a new trial on the issue of past economic damages. The claims of all parties were not finally adjudicated until the circuit court entered its February 21, 2006, judgment. An "order or other form of decision, however designated, that adjudicates fewer than all the claims or rights or liabilities of fewer than all the parties shall not terminate the action." Rule 74.01(b). Consequently, there was no judgment upon which post-judgment interest could accrue until the circuit court entered the February 21, 2006, judgment. The circuit court's judgment is reversed to the extent that it requires Mid America to pay post-judgment interest from the original but subsequently vacated judgment of June 18, 2003.

## II. *Joint and Several Liability*

█ Lindquist argues Mid America should be jointly liable for 45 percent of damages, representing both the 40% of liability initially allocated to Mid America plus the 5% originally attributed to Scott Radiological prior to the JNOV in Scott's favor. By not re-allocating to Mid America the 5% of damages originally attributed to Scott, Lindquist contends the trial court deprived her of more than $272,900 in damages.

Section 538.230 applies to medical malpractice cases and requires the circuit court to instruct the jury to apportion fault among the defendant health care providers. Section 538.230.2 provides that the court shall enter judgment "on the basis of the rules of joint and several liability" and that a defendant "shall be jointly liable only with those defendants whose apportioned percentage of fault is equal to or less than such defendant." Mid America is, therefore, jointly liable with all those defendants whose apportioned fault is 40% or less. Scott Radiological was apportioned 5% fault. Under the plain language of section 538.230.2, Mid America is jointly liable with Scott Radiological for the judgment in favor of Lindquist. The rules of

---

**2.** Section 408.040 was amended on August 28, 2005, and provides a different method of calculating interest than the 2004 version of the statute. The amended version of section 408.040 applies only to "causes of action filed after August 28, 2005." The cause of action in this case was not filed after August 28, 2005. The amended version of section 408.040 is not applicable.

joint and several liability provide that joint tort-feasors are "answerable to the injured party for the full amount of the injuries." *Berry v. Kansas City Pub. Serv. Co.*, 343 Mo. 474, 121 S.W.2d 825, 833 (1938). The circuit court erred in finding that Mid America was not liable for the 5% allocation of fault apportioned to Scott Radiological.

### CONCLUSION

The circuit court's judgment is reversed insofar as it requires Mid America to pay post-judgment interest from June 18, 2003. The judgment is also reversed to the extent that Mid America was not required to pay to Lindquist the amount of damages apportioned to Scott Radiological. The judgment is affirmed in all other respects and is remanded for entry of judgment consistent with this opinion.

All concur.