Karen LINDQUIST, Individually and as Personal Representative of the Estate of Michael Lindquist, Plaintiff/Respondent,

v.

MID–AMERICA ORTHOPAEDIC SURGERY, INC., Respondent/Appellant.

No. ED 90772.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 7, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 13, 2008.

Application for Transfer Denied Dec. 16, 2008.

Kenneth William Bean, Natalie J. Kussart, co-council, St. Louis, MO, for appellant.

James E. Hullverson, Jr., Clayton, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

Appellant Mid–America Orthopaedic Surgery, Inc. appeals the trial court's judgment awarding interest on personal injury damages retroactive to the date of an earlier judgment pursuant to appellate mandate. We affirm but remand for perfection of the judgment.

### Facts and Procedural History

Michael and Karen Lindquist sued Mid–America and several corporate employers for medical malpractice after physicians failed to detect Michael's spinal cancer until he became paralyzed. A jury awarded damages of $5.5 million to Michael and $1.35 million to Karen. The jury apportioned 40% of the fault to Mid–America. The trial court entered judgment on the

verdict June 18, 2003, but later vacated that judgment, awarded JNOV to Scott Radiological Group, Inc. (Scott), to whom the jury had assigned 5% fault, and granted a new trial to the remaining defendants. This court affirmed the JNOV, reversed the new trial orders, reinstated the jury's award, and remanded for a new trial on the sole issue of past economic damages.

Ms. Lindquist[1] settled with the other defendants and proceeded with a bench trial against Mid–America. On February 21, 2006, the trial court entered its judgment awarding past economic damages in addition to Mid–America's portion of the jury's award, plus 9% interest on the latter retroactive to the court's original judgment of June 18, 2003. Mid–America appealed the retroactivity of interest; Lindquist cross-appealed seeking to hold Mid–America jointly and severally liable for Scott's 5% fault. The Supreme Court of Missouri reversed the trial court's judgment with respect to both issues, affirmed it in all other respects, and remanded the case for entry of judgment accordingly. *Lindquist v. Mid America Orthopaedic Surgery, Inc.*, 224 S.W.3d 593, 594 (Mo.2007). Pursuant to the Court's mandate, the trial court entered judgment dated November 30, 2007, assessing 45% of the jury's verdict against Mid–America plus interest from February 21, 2006.

Mid–America now appeals, alleging that the trial court erred in that: (1) interest accrues only from the most recent judgment, dated November 30, 2007; (2) Lindquist waived her right to interest by appealing the 2006 judgment; and (3) the court failed to credit Mid–America for earlier partial payments and also failed to specify what portions of the award are

allocable to Karen and to Michael's estate, respectively.

## Analysis

### Standard of Review

■ An appellate court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976). The parties present issues requiring this court to interpret sections 408.040 and 512.160 RSMo. Statutory interpretation is a question of law, which we review *de novo*. *Lindquist* at 594–595.

### Points I–II: Entitlement to and Retroactivity of Judgment Pending Appeal

■ Mid–America's first two points are related. First, Mid–America asserts that interest only began to accrue once the trial court entered its last judgment pursuant to the Supreme Court's opinion determining Mid–America's liability for Scott's 5% fault. Prior to the Court's mandate, Mid–America contends, the issue had not been finally adjudicated. Second, Mid–America argues that Lindquist waived her right to interest altogether by appealing the judgment. Logic directs us to examine these points in reverse order.

■ Section 408.040.1 provides for the imposition of post-judgment interest from the date of the judgment until full satisfaction. Exceptionally, however, a judgment creditor is not entitled to interest that would have accrued during her own unsuccessful appeal challenging the adequacy of the judgment. *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis et al.*, 234 Mo.App. 209, 115 S.W.2d

---

1. Michael died in 2004, and Karen was substituted as personal representative. "Lindquist" herein refers to Karen Lindquist acting both individually and as personal representative of Michael's estate.

**511**

513, 515 (1938). So, if Lindquist had lost her appeal seeking to hold Mid–America liable for Scott's 5%, then she would not be entitled to post-judgment interest. But Lindquist's appeal was successful. We find instructive authority in *CADCO, Inc. v. Fleetwood Enterprises, Inc.* 250 S.W.3d 376 (Mo.App. E.D.2008). There, the trial court deducted $35,000 from the jury's award. CADCO appealed the deduction and prevailed. The trial court entered a new judgment reinstating the $35,000, but the court denied post-judgment interest based on the *Southern Real Estate* exception to section 408.040.1. This court reversed, holding that, because CADCO's appeal was successful—*i.e.,* the original judgment was inadequate—the exception did not apply, and CADCO was entitled to post-judgment interest. *CADCO* at 379– 380. Policy considerations support this rationale; the alternative would punish parties for seeking the full amounts to which they were entitled and would have received but for trial court error. Lindquist did not waive her right to interest by appealing the 5% inadequacy of the trial court's judgment. Mid–America's point II is denied.

Having established that interest is indeed due, we return to Mid–America's first point asserting that interest did not begin to accrue until the trial court entered its corrected judgment on November 30, 2007. This argument fails. The Supreme Court's holding that interest began to accrue as of the judgment dated February 21, 2006, is the law of the case. *See Lindquist* at 595 ("[T]here was no judgment upon which post-judgment interest could accrue until the circuit court entered the February 21, 2006 judgment."). Moreover, this court has already held that post-judgment interest continues to accrue pending disposition of an appeal. "When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment. [An appellate] order merely modifying the amount of the judgment is governed by this rule." *Ohlendorf v. Feinstein,* 670 S.W.2d 930, 936 (Mo.App. E.D.1984). "[A] judgment creditor who successfully appeals the adequacy of a judgment rendered in his favor is entitled to post-judgment interest pursuant to Section 408.040.1 *pending disposition of the appeal.*" *CADCO* at 380. (emphasis added) Necessarily, then, the interest on Lindquist's award continued to accrue during the appeal and dates back to the original, albeit initially inadequate, judgment of February 21, 2006. Public policy equally supports this result. Point I is denied.

## Point III: Credits and Apportionment

Lastly, Mid–America alleges error in the trial court's failure to acknowledge and apply credits for earlier partial payments by Mid–America and to specify what portions of the award are due to Karen and to Michael's estate, respectively. When asked during oral argument, Lindquist's counsel had no objection to the foregoing clarifications.

## Conclusion

The trial court's judgment awarding post-judgment interest from February 21, 2006, is affirmed. Interest continues to accrue on the entire award until full satisfaction is rendered. We remand the case to enable the trial court to perfect its judgment by acknowledging Mid–America's previous partial payments and by apportioning the award to Karen and to Michael's estate, respectively.

KATHIANNE KNAUP CRANE and MARY K. HOFF, JJ., Concur.