Karen LINDQUIST, Individually and as Personal Representative of the Estate of Michael Lindquist, Plaintiff/Appellant,

v.

MID–AMERICA ORTHOPAEDIC SURGERY, INC., Defendant/Respondent.

Nos. ED 93583, ED 94209.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 14, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 2010.

Application for Transfer Denied Dec. 21, 2010.

James E. Hullverson, Jr., St. Louis, MO, for Appellant/Cross–Respondent.

Kenneth W. Bean, Natalie J. Kussart, St. Louis, MO, for Respondent/Cross–Appellant.

## SHERRI B. SULLIVAN, P.J.

### Introduction

In this consolidated appeal, Karen Lindquist, Individually (Mrs. Lindquist) and as Personal Representative of the Estate of Michael Lindquist (the Estate) (collectively Appellant) appeals from the trial court's July 24, 2009 amended judgment and its November 23, 2009 amended judgment. Both of these judgments are substantially the same, except the latter judgment corrected the date on which partial payment of $1,612,460.56 was made by Mid–America Orthopaedic Surgery, Inc. (Respondent) to Appellant from August 30, 2006 to the correct date of August 18, 2006, and also applied Respondent's partial payment of $1,612,460.56 against the judgment, apportioning $1,000,000.00 of that partial payment between the Estate and Mrs. Lindquist, and the rest amongst interest and costs, as detailed later in this opinion. These amended judgments were entered pursuant to this Court's opinion in *Lindquist v. Mid–America Orthopaedic Surgery, Inc.*, 269 S.W.3d 508 (Mo.App. E.D. 2008) (*Lindquist III*), affirming the trial court's February 21, 2006 judgment awarding Appellant past economic damages *and* post-judgment interest on the original jury award against Respondent retroactive to the date of that original judgment successfully appealed from by Appellant, and ordering the trial court to *perfect* its February 21, 2006 judgment by (1) acknowledging Respondent's partial payment of the total judgment awarded Appellant, and (2) apportioning the payment between Mrs. Lindquist and the Estate, respectively. We affirm.

### Factual and Procedural Background

Mr. and Mrs. Lindquist sued Respondent and other entities for medical malpractice after physicians failed to detect Mr. Lindquist's spinal cancer until he became paralyzed. On May 13, 2003, the jury returned a verdict awarding damages of $5.5 million to Mr. Lindquist and $1.35 million to Mrs. Lindquist. The jury apportioned 40% of the fault to Respondent. The trial court entered judgment on the verdict June 18, 2003, but later vacated that judgment, awarded judgment notwithstanding the verdict (JNOV) to defendant Scott Radiological Group, Inc., to whom the jury had assigned 5% fault, and granted a new trial to the remaining defendants.

In *Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635, 640 (Mo.App. E.D. 2005) (*Lindquist I*), this Court affirmed the JNOV, reversed the new trial orders, reinstated the jury's award, and remanded for a new trial on the sole issue of past economic damages. During this appeal Mr. Lindquist died.

Mrs. Lindquist and the Estate proceeded with a bench trial against Respondent. On February 21, 2006, the trial court entered its judgment awarding past economic damages in addition to Respondent's portion of the jury's award, plus 9% interest on the latter retroactive to the court's original judgment of June 18, 2003.

Respondent appealed the retroactivity of interest, and Mrs. Lindquist cross-appealed seeking to hold Respondent jointly and severally liable for Scott Radiological Group, Inc.'s assigned fault. In *Lindquist v. Mid America Orthopaedic Surgery*, 224 S.W.3d 593, 596 (Mo.banc 2007) (*Lindquist II*), our Supreme Court reversed the trial court's judgment with respect to both issues, affirmed it in all other respects, and remanded the case for entry of judgment accordingly. Pursuant to the Court's mandate, the trial court entered its judgment on November 30, 2007, assessing 45% of the jury's verdict against Respondent plus interest from February 21, 2006.

Respondent appealed, alleging that the trial court erred in that: (1) interest accrues only from the most recent judgment, dated November 30, 2007; (2) Appellant waived her right to interest by appealing the 2006 judgment; and (3) the court failed to credit Respondent for earlier partial payments and also failed to specify what portions of the award are allocable to

Mrs. Lindquist and to the Estate, respectively. In *Lindquist III*, we affirmed the trial court's judgment awarding post-judgment interest from February 21, 2006, and remanded the case to enable the trial court to perfect its judgment by acknowledging Respondent's previous partial payments and by apportioning the award to Mrs. Lindquist and to the Estate, respectively.

On remand, the trial court entered a judgment on July 24, 2009, then in response to both sides' post-trial motions, entered an amended judgment on November 23, 2009, applying Respondent's partial payment of $1,612,460.56 against the judgment and apportioning $1,000,000.00 of that partial payment between the Estate and Mrs. Lindquist, and the rest amongst interest and costs.[1] The trial court credited Respondent with $460,000.00 against the award of $1,848,796.76 to the Estate, thus reducing the principal balance owed the Estate to $1,388,796.76; and $540,000.00 against the award of $607,500.00 to Mrs. Lindquist, thus reducing the principal balance owed her to $67,500.00. The trial court ordered the statutory 9% post-judgment interest to run on the remaining principal balances.

Appellant has filed appeals from both the November 23, 2009 judgment and the July 24, 2009 judgment. These appeals have been consolidated in the appeal before us now.

### Points on Appeal

In her first point, Appellant argues that despite *Lindquist III*'s language that interest continues to accrue on the entire award until full satisfaction is rendered, the trial court's November 23, 2009 judg-

---

1. The trial court apportioned the remainder of the partial payment as follows: $14,934.06 to court costs; $6,327.98 to post-judgment interest on the $143,374.89 in past economic damages awarded to the Estate; $4,091.00 to appellate costs assessed against Respondent; $348.92 to interest on appellate costs assessed against Respondent; and $586,758.60 to post-judgment interest on the $2,040,000.00 award and court costs.

ment applied post-judgment interest only on the unpaid balance of the award.

In her second point, Appellant asserts that the trial court's July 24, 2009 judgment conflicts with *Lindquist II* because it subtracted Respondent's partial payment from the original award and applied post-judgment interest only on the unpaid balance of the award.

In her third point, Appellant claims that the trial court's July 24, 2009 judgment conflicts with *Lindquist III* and Section 408.040 RSMo 2000 and Section 408.040 RSMo Cum.Supp.2005 because it subtracted Respondent's partial payment from the original award and applied post-judgment interest only on the unpaid balance of the award.

### Standard of Review

Our standard of review of a court-tried case is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Id.* We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding evidence and inferences to the contrary. *Id.*

### Discussion

■ The trial court's November 23, 2009 judgment amends and corrects its July 24, 2009 judgment, in response to and in accordance with Respondent's motion to

amend,[2] and therefore Appellant's second and third points on appeal,[3] asserting error in the July 24, 2009 judgment, are moot. If the trial court amends its judgment, the amended judgment becomes the new judgment for all purposes. *Koppenaal v. Director of Revenue*, 987 S.W.2d 446, 449 (Mo.App. W.D.1999). A case must be dismissed as moot whenever an event occurs that renders a decision unnecessary. *Two Pershing Square, L.P. v. Boley*, 981 S.W.2d 635, 638 (Mo.App. W.D.1998). Points II and III are thus denied as moot.

■ Appellant's remaining point on appeal asserts that the trial court erred in subtracting the amount of Respondent's partial payment of the judgment to Appellant from the entire judgment and not ordering that post-judgment interest continue to run on the amount of the entire judgment, paid and unpaid, until the entire judgment is paid in full. This was not error.

The imposition of any interest from the date of judgment until payment is fixed and determined by statute. *Robinson v. St. Louis Bd. of Police Com'rs*, 212 S.W.3d 165, 167 (Mo.App. E.D.2006). Section 408.040 RSMo 2000, the version of the post-judgment interest statute in effect in 2004 and applicable to this case, see *Lindquist II*, 224 S.W.3d at 595, n. 2, provides:

1. Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money

2. The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Supreme Court Rule 75.01. If a timely authorized post-trial motion is filed, as it was in the

instant case, the thirty-day time period extends to ninety days. Rule 78.06; Rule 81.05; *State ex rel. Toth v. Dildine*, 196 S.W.3d 663, 664 (Mo.App. E.D.2006).

3. These two points were asserted in a brief filed in appeal No. ED94209, which was consolidated with the instant appeal.

upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

■ Post-judgment interest is awarded on the theory that it is a penalty for delayed payment of the judgment. *Green Acres Enterprises, Inc. v. Freeman,* 876 S.W.2d 636, 641 (Mo.App. W.D.1994). As such, when a portion of a judgment is paid, there is no longer a delay as to the payment of that portion. Therefore, *logically,* the accumulation of interest owed by the defendant stops running as to that portion as of the date of its payment. Otherwise, the payee would obtain double interest, at the payor's expense.

■ Moreover, if a judgment debtor continues to be penalized for non-payment of a sum of money that he has in fact paid, as Appellant urges this Court to hold, the incentive for any payment is lost. Furthermore, once a sum is paid, it is the payee, not the payor, that has *use* of that sum paid. The theory of interest is compensation for use or loss of use of money to the person entitled thereto. *Laughlin v. Boatmen's Nat. Bank of St. Louis,* 354 Mo. 467, 189 S.W.2d 974, 979 (1945). " 'It is almost an axiom in American jurisprudence that he who has the use of another's money, or money he ought to pay, should pay interest on it.' " *Id.,* citing 1 Sutherland, Damages, Sec. 324, p. 1016. Once partial payment is made, the debtor no longer has use of those monies, and thus the accrual of interest on those monies is no longer congruous.

The recent case of *Burns v. Smith,* 303 S.W.3d 505 (Mo. banc 2010) illustrates our point. Our Supreme Court stated the following with regard to the interplay of post-judgment interest and partial payments made toward a judgment:

Interest accrued on the full $2,044,278 until co-defendant Oak River paid $675,000, after which interest continued to accrue on the remainder of the judgment. The trial court, however, directed that Farmers pay post-judgment interest on the entire judgment even after Oak River's payment. Interest accrues on unpaid monies. Once monies are paid, there is no debt on which interest can accrue. Here the trial court should have calculated interest on the entire judgment only up to the time of the Oak River payment and should calculate interest on the remainder of the judgment until the time Farmers pays the amount of the judgment that does not exceed its $1 million limit of liability.

*Id.* at 515. Such reasoning applies to the instant case. "Interest accrues on unpaid monies." *Id.* Interest does not continue to accumulate on monies paid by Respondent to Appellant.

Appellant asserts that the sentence "Interest continues to accrue on the entire award until full satisfaction is rendered" in the Conclusion of *Lindquist III* dictates that interest is to accrue on the *original* award amount despite any partial payments made by Respondent. First, this language mirrors the current version of the statute, which is not applicable in this case. Second, in any event, the correct interpretation of this language does not support Appellant's argument. The "entire" award is reduced upon each partial payment. Third, Appellant's interpretation runs counter to the purpose of post-judgment interest, which is to encourage payment, including partial payments, and to recompense a judgment creditor for money due him of which he does not have the use. *Laughlin,* 189 S.W.2d at 979. Finally, Appellant's argument runs counter to our Supreme Court's instruction in *Burns,* 303 S.W.3d at 515.

For the foregoing reasons, Point I is denied.

## Conclusion

The November 23, 2009 judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J., concur.