ELIZABETH LIGGETT KENNARD v. CHARLES WIGGINS and MISSISSIPPI VALLEY TRUST COMPANY, Executors of the Estate of ELLA L. WIGGINS, Deceased, Appellants.—No. 39035.—183 S. W. (2d) 870.

Division One, November 6, 1944.

Rehearing Denied, December 4, 1944.

682

*Nagel, Kirby, Orrick & Shepley* and *Lehmann & Allen* for appellants.

*Paul Bakewell, Jr.,* for respondent.

684

GANTT, J.—This is the second appeal in this case. The opinion on the first appeal is reported in Kennard v. Wiggins, 349 Mo. 283, 160 S. W. (2d) 706. On that appeal we affirmed the final judgment on the merits and remanded the cause for orders making the judgment effective. Defendant Ella L. Wiggins died October 17, 1942, after the affirmance of the judgment on the merits. The executors of her will entered their appearance as defendants. On receipt of the mandate on the merits and in due course, the trial court sustained plaintiff's motion to make the judgment effective. Defendant executors appealed from the judgment on the motion. The amount involved is in excess of $7500. The facts are stated in detail in the opinion on the merits. The material facts on this appeal follow:

On November 23, 1897, John E. Liggett died. In his will he created a trust estate which expired April 4, 1916. On May 15, 1920, his daughters Ella L. Wiggins, Dolly L. Kilpatrick and Cora L. Fowler filed suit to construe the will. Under the will they claimed absolute ownership of certain real estate and personal property consisting of stocks, bonds and cash. On March 16, 1925, we ruled they had only a life estate in the property. [Wiggins et al. v. Perry et al., 271 S. W. 815.]

In June, 1925, the three daughters as trustees and life tenants engaged the services of the St. Louis Union Trust Company to manage the personal property. They directed the Trust Company that upon the death of either daughter to deliver her share of the property to the person or persons entitled to the same under the will.

On July 19, 1928, Cora L. Fowler died without issue. The St. Louis Union Trust Company was executor of her will. On her death and under the will of John E. Liggett, the sisters, Ella L. Wiggins and Dolly L. Kilpatrick, became the owners in equal shares of Cora's one-third interest in the property. On August 10, 1928, Dolly L. Kilpatrick died and left surviving, her sister Ella L. Wiggins, her daughter Mary L. McIntosh, and her granddaughter Elizabeth L. Kennard (plaintiff in this case) who is a daughter of a deceased daughter of Dolly L. Kilpatrick. Plaintiff claimed that under the will of her great grandfather (John E. Liggett) and on the death of her grandmother (Dolly L. Kilpatrick) she became the absolute owner of a certain interest in the above mentioned property. Likewise, Mary L. McIntosh (Dolly Kilpatrick's daughter) claimed that under the will of her grandfather (John E. Liggett) she became the absolute

owner of a certain interest in the above mentioned property on the death of her mother. Ella L. Wiggins claimed that on the death of her sister Dolly L. Kilpatrick, she became the owner of a life estate in the property claimed by Mary L. McIntosh and the plaintiff.

In the meantime and on the death of Cora L. Fowler, the Trust Company continued to manage the property as agent for the surviving life tenants, Ella L. Wiggins and Dolly L. Kilpatrick, until the death of Dolly L. Kilpatrick on August 10, 1928. Thereafter the Trust Company continued to manage the property as the agent of Ella L. Wiggins. However, in March, 1929, while acting for Ella L. Wiggins in the management of the property, the Trust Company suggested to plaintiff's attorney that it continue to manage the property in two accounts, one-half of the property in an account for the use and benefit of Ella L. Wiggins, and the other half of the property in an account awaiting the determination of the litigation with reference to plaintiff's interest, if any, in the property. Plaintiff and her attorney agreed to the suggestion, subject to plaintiff's claim of ownership of a certain interest in the property, and with the understanding that the property remain in its present condition. On this agreement the Trust Company continued to manage the property.

On March 21, 1931, plaintiff filed the present suit. On March 31, 1933, she filed in the circuit court a motion for an order *nunc pro tunc* to correct a paragraph in the judgment on the will construction suit. [Wiggins et al. v. Perry et al., supra.] The trial court overruled the motion. On appeal, the judgment refusing a *nunc pro tunc* order was affirmed November 12, 1936. [Wiggins et al. v. Perry et al., 343 Mo. 40, 119 S. W. (2d) 839.]

The trial of this case on the merits commenced April 24, 1939. On the merits, the trial court ruled that under the will of plaintiff's great grandfather and on the death of her grandmother (Dolly L. Kilpatrick, August 10, 1928), she became the absolute owner of a certain interest in the above mentioned property, and that Ella L. Wiggins was indebted to plaintiff for all the income received by her since August 10, 1928, from plaintiff's part of said property, with interest collected on the income from the same. On February 5, 1940, judgment was entered accordingly. As stated, the court retained jurisdiction to make the judgment effective. On appeal, the judgment on the merits was affirmed and the cause remanded for ''necessary orders to make the judgment effective.'' [Kennard v. Wiggins, 349 Mo. 283, 160 S. W. (2d) 706.] The mandate on the merits was filed in the circuit court October 19, 1942.

On February 3, 1943, plaintiff filed a motion in the circuit court for an order to make the judgment on the merits effective. In due course, defendant executors delivered to the plaintiff all of the property claimed by her under the will of her great grandfather, with the net income from the same from August 10, 1928, the date of

686

the death of her grandmother. Defendant executors deducted from the gross income the amount paid the Trust Company for managing the property, which was the usual charge for services of that kind, and deducted income taxes paid by the Trust Company on the income from the fund. On the hearing on the motion to make the judgment effective, plaintiff contended that under the mandate of this court on the merits she was entitled to gross income and defendants were not authorized to make said deduction. The court sustained the contention.

: On the review by this court on the merits, the ruling of the trial court on the question of income was not challenged by either party. Even so, we noted that the ruling of said court was in favor of the plaintiff for "all the income." We understood said ruling to be for all the net income and affirmed the judgment.

It should be stated that it is not a question of what the trial court intended to rule. It is a question of what the trial court did rule by the use of the words "all the income." Plaintiff argues that the words "all the income" mean gross income. We do not think so. As used, the word "all" means the income from the different investments. Furthermore, as used, the word "income" must be given its ordinary, popular and commercial meaning, which is net income. In other words, if the trial court intended to rule that plaintiff was entitled to gross income, it should have so stated.

██ Furthermore, under the federal and state statutes (Sec. 161 (a) (1) I. R. C.; Sec. 11347, R. S. 1939) it was the duty of the Trust Company, as agent and trustee for contingent and unascertained persons, to pay the tax on the income from the property under the agreement of the parties authorizing the Trust Company to manage the property pending the litigation. [Ferguson v. Forstmann, 25 Fed. (2d) 47; Hart v. Commissioner, 54 Fed. (2d) 848; Buckley v. Commissioner, 66 Fed. (2d) 394; Commissioner v. Owens, 78 Fed. (2d) 768; Eustis v. Commissioner, 30 B. T. A. 820; Graham v. Miller, 137 Fed. (2d) 507; Goforth v. Commissioner, 32 B. T. A. 1206.] Defendant cites cases as follows: DeBrabant v. Commissioner, 90 Fed. (2d) 435; Meeker v. Durey, 92 Fed. (2d) 607, 609; N. American Oil Co. v. Burnet, 286 U. S., p. 424. The cited cases are not in point on the facts.

We do not understand the plaintiff to contend that it was not the duty of the Trust Company to pay said taxes. Seemingly she contends that the income tax should be charged to the defendant executors of Ella L. Wiggins' estate on the theory that plaintiff was entitled to gross income. We have ruled this question against the plaintiff.

██ Plaintiff also contended for interest on the judgment on the merits from February 5, 1940, the date of said judgment, and also for

interest on income accumulated after February 5, 1940. The trial court sustained this contention.

The judgment on the merits was not for an ascertained sum of money. It was for the corpus of the property and all the income. Even so, plaintiff claims that under the statute she was entitled to said interest. The statute follows:

"Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear six per cent per annum until satisfaction made, as aforesaid." [Sec. 3228, R. S. 1939.]

The word "due" in the statute means the "time for payment." [Swanson v. Spencer, 177 Mo. App. 124, 127, 163 S. W. 285.] If so, the statute must be construed to provide as follows: Interest shall be allowed on all money due for payment upon any judgment from the day of the rendering of the same until satisfaction be made by payment. The judgment on the merits was not for money due for payment. Under said judgment there could be no process for collection of money. The trial court so understood the judgment, for it retained jurisdiction to make the judgment effective. Plaintiff was not entitled to interest, as claimed, and the judgment should be reversed. It is so ordered. All concur.