STATE ex rel. LUMBER MUTUAL INSURANCE COMPANY,
Relator,

v.

The Honorable Steven R. OHMER, Judge of Division 2, 22nd Judicial Circuit, Respondent.

No. ED 83869.

Missouri Court of Appeals,
Eastern District,
Writ Division VI.

April 20, 2004.

Donald L. O'Keefe, Brian D. Kennedy, St. Louis, MO, for relator.

Michael W. Gill, La Crosse, WI, Mark A. Kinzie, Cicely I. Miederhoff, St. Louis, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

Lumber Mutual Insurance Company ("Relator") filed a petition for writ of prohibition in this Court seeking to prohibit the enforcement of the Honorable Steven R. Ohmer's ("Respondent") December 2, 2003 order, which compelled Relator to defend its insured Reload, Inc. ("Reload") in pending litigation pursuant to Respondent's earlier May 5, 2003 order. On January 12, 2004, this Court issued its Preliminary Order in Prohibition ordering Respondent not to proceed further in this matter, other than to set aside its December 2, 2003 order. The Preliminary Order in Prohibition is hereby made absolute.

Relator insured Reload on a comprehensive general liability ("CGL") policy. American Lumber Company filed suit against Reload on March 21, 2001 in Arizona. Relator refused to provide an indemnity or a defense to Reload. In October, 2001, Relator filed a declaratory judgment action to seek judicial determination that it is not obligated under the CGL policy to defend or indemnify Reload in the Arizona litigation. Reload counterclaimed and sought a determination that

Relator is obligated to defend Reload in the Arizona litigation and for damages for breach of contract as a result of Relator's refusal to defend.

Relator and Reload both filed motions for summary judgment. On May 5, 2003, Respondent denied Relator's motion for summary judgment as to the duty to defend, and granted Reload's motion for summary judgment on that issue. On June 5, 2003, Relator filed its notice of appeal in this Court. Reload filed a motion to dismiss the appeal for lack of subject matter jurisdiction. Reload argued that Respondent's May 5, 2003 order was not a final, appealable judgment because it did not expressly resolve Relator's claim that it had no duty to indemnify Reload and Respondent did not certify the judgment as a final judgment for purposes of appeal pursuant to Rule 74.01(b). Relator opposed the motion to dismiss on the ground that Respondent's order resolved the indemnification issue by necessary implication. This Court, on August 19, 2003, granted Reload's motion to dismiss Relator's appeal on the ground that the judgment was not a final, appealable judgment and that Respondent did not certify the judgment as final pursuant to Rule 74.01(b). *Lumber Mutual Ins. Co. v. Reload, Inc.*, 113 S.W.3d 250, 253 (Mo.App. E.D.2003).

On August 29, 2003, Relator filed in the trial court a Motion to Certify the Court's Order and Judgment of May 5, 2003 as a Final Judgment for Purposes of Appeal pursuant to Rule 74.01(b). Reload opposed this motion and filed a motion to amend its counterclaim and a motion to compel compliance with Respondent's May 5, 2003 order. Respondent held a hearing on these motions and gave Relator until October 3, 2003 to decide "whether it will stipulate regarding indemnity and liability under the subject policy." Relator did not so stipulate.

On December 2, 2003, Respondent denied Relator's Motion to Certify the Court's Order and Judgment of May 5, 2003 as a Final Judgment for Purposes of Appeal pursuant to Rule 74.01(b). Respondent also granted Reload's motion to amend its counterclaim and its motion to compel Relator's compliance with Respondent's May 5, 2003 order. Respondent gave Relator until December 15, 2003 to comply with its May 5, 2003 order.

On December 15, 2003, Relator filed a petition for writ of prohibition in this Court seeking to prohibit the enforcement of Respondent's December 2, 2003 order, which compelled Relator to defend Reload in the Arizona litigation pursuant to Respondent's earlier May 5, 2003 order. On January 12, 2004, this Court issued its Preliminary Order in Prohibition ordering Respondent not to proceed further in this matter, other than to set aside its December 2, 2003 order. This Court also directed the parties to brief whether the order of December 2, 2003 is an improper attempt to enforce an interlocutory judgment.

 "Enforcement of a judgment by execution supposes that the judgment is not merely interlocutory, but final." *Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 547 (Mo.App. E.D. 1998); *Kliefoth v. Fields*, 828 S.W.2d 714, 717 (Mo.App. E.D.1992). A final judgment is one that disposes of all the issues and the parties in a case and leaves nothing for future determination. *State ex rel. Angle v. Hull*, 930 S.W.2d 25, 27 (Mo.App. W.D. 1996).

Here, this Court has already determined that Respondent's May 5, 2003 order is not a final judgment. *Lumber Mutual Ins. Co. v. Reload, Inc.*, 113 S.W.3d 250, 253 (Mo.App. E.D.2003). As such, any order attempting to execute upon this May 5, 2003 order is an attempt to enforce an

interlocutory judgment and is void. We recognize that it is often desirable that the obligation of an insurer to defend its insured be determined at the outset of litigation. Nothing in our opinion should be interpreted as a limitation on a trial judge's ability to certify a judgment as to an insurer's duty to defend as a final judgment for purposes of appeal pursuant to Rule 74.01(b). We hereby make absolute our Preliminary Order in Prohibition ordering Respondent to set aside its December 2, 2003 order.

LAWRENCE E. MOONEY and MARY K. HOFF, JJ., Concur.