Patrice **JOHNSON, as a Personal Representative of George Bolden, Willie Victory, Ernestine Petty, Irene Washington, Sandra Washington, Juan Washington, Tina Brandy, Melvin Dunlap, and Sidney Dunlap, Appellants,**

v.

**BFI WASTE SYSTEMS OF NORTH AMERICA, INC., and Jimmy Bergner, Respondents,**

and

**City Of St. Louis, Defendant.**

**No. ED 84343.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 22, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2005.

Application for Transfer Denied
May 31, 2005.

Daniel J. Gauthier, Clayton, MO, Gerald L. Warren, St. Louis, MO, for appellants.

Donald L. O'Keefe, Jr., St. Louis, MO, for respondent.

Edward J. Hanlon, St. Louis, MO, for defendant.

PATRICIA L. COHEN, Presiding Judge.

Plaintiffs and intervening plaintiffs (collectively "Plaintiffs") filed suit for wrongful death against BFI Waste Systems of North America, Inc., BFI's driver, Jimmy Bergner (collectively "BFI"), and the City of St. Louis after a BFI truck, driven by Mr. Bergner, struck and killed Justine Bolden ("Decedent") as she crossed a street in the City of St. Louis. On June 14, 2001, a jury awarded Plaintiffs 1.9 million dollars, allocating fifty-five percent fault ($1,045,000) against BFI, forty percent fault ($760,000) against the City of St. Louis, and five percent fault against Decedent.

Following trial, Plaintiffs filed a number of post-trial motions, resulting in several amended judgments. In particular, the Amended Judgment of July 3, 2001, reallocated to BFI a portion of the verdict which was uncollectible (by virtue of Section 537.610, R.S.Mo 2000) against the City of St. Louis. The July 3 Amended Judgment increased the amount of the June 14 judgment against BFI by $605,000, for a total judgment against BFI of $1,650,000. On December 6, 2001, the trial court entered a judgment apportioning the damages among the individuals entitled to recover.

BFI and its driver appealed. This Court affirmed and issued a mandate on January 31, 2003. *See Johnson v. BFI Waste Sys. of N. Am., Inc.*, 92 S.W.3d 157 (Mo.App. E.D.2002). Thereafter, BFI and its driver satisfied the judgment and post-judgment interest of $176,979.45, accruing from December 6, 2001. Following satisfaction of the judgment, Plaintiffs sought a trial court order requiring BFI to pay post-judgment interest as of June 14, 2001, the date of the jury verdict. BFI objected and filed a motion to strike Plaintiffs' claim for additional post-judgment interest, arguing that post-judgment interest was due from December 6, 2001. The trial court agreed and struck Plaintiffs' claim for additional post-judgment interest.

Plaintiffs appeal the trial court's order and judgment with respect to post-judgment interest, arguing that Section 408.040(1), R.S.Mo 1987, and Section 512.160(4), R.S.Mo 1943, support the conclusion that post-judgment interest accrues from June 14, 2001, the date of the jury

verdict, rather than December 6, 2001, the date of the judgment apportioning damages. BFI argues that Rule 74.01(1) and Section 573.095.3, R.S.Mo 2000, control the resolution of this issue. We agree and accordingly hold that the trial court did not err in rejecting Plaintiffs' claim for post-judgment interest from June 14, 2001.

### Standard of Review

When we consider an appeal challenging the interpretation and application of a statute, our review is *de novo*. *Psychiatric Healthcare Corp. of Mo. v. Dep't of Soc. Servs.*, 100 S.W.3d 891, 899 (Mo.App. W.D. 2003). Accordingly, we review the trial court's judgment independently, without deference to the trial court's conclusions. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

### Discussion

Plaintiffs argue, in their sole point on appeal, that they are entitled to post-judgment interest from June 14, 2001, the date the jury returned its verdict. BFI contends that because this is a wrongful death case, no judgment was rendered for purposes of post-judgment interest until the trial court apportioned damages among the Plaintiffs, pursuant to Section 537.095.3. BFI posits that because the trial court entered the judgment apportioning damages on December 6, 2001, post-judgment interest runs from that date.

In support of their argument, Plaintiffs rely primarily on Section 408.040.1. Section 408.040.1 provides that "interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same. . . ." The purpose of Section 408.040.1 R.S.Mo 2000, "is to compensate a judgment creditor for the judgment debtor's delay in

satisfying the judgment pending the judgment debtor's appeal." *Moore v. Bi–State Dev. Agency*, 132 S.W.3d 241, 243 (Mo. banc 2004). More specifically, "post-judgment interest is awarded on the theory that it is a penalty for delayed payment of the judgment." *Green Acres Enterprises, Inc. v. Freeman*, 876 S.W.2d 636, 641 (Mo. App. W.D.1994).

As an initial matter, it is quite clear that the June 14 judgment rendered upon the verdict is not the trial court's judgment for purposes of post-judgment interest. Notably, Section 408.040.1 does not provide that interest is due upon the jury's verdict, but rather specifies that the interest shall be allowed on money which is due upon a judgment. The statute's focus is clearly upon identifying the judgment which creates a debt or right to collection. As the Supreme Court has held, "due," in the context of Section 408.040.1, means "time for payment." *Kennard v. Wiggins*, 353 Mo. 681, 183 S.W.2d 870, 872 (1944). Where, "under said judgment there could be no process for collection of money," such judgment does not trigger the running of post-judgment interest. *Id.* There is no dispute here that the June 14 judgment does not create a debt that could be collected. Indeed, although Plaintiffs seek post-judgment interest as of June 14, they calculate interest on the *amount* identified in the July 3 judgment.

Plaintiffs also rely on Section 512.160.4, which provides, in pertinent part, that:

> [W]hen such judgment shall be affirmed for part of the sum of which judgment was rendered by the trial court, such part of said judgment shall bear lawful interest from the date of the rendition of the original judgment in the trial court.

The "such judgment" referred to in Section 512.160 is clearly the trial court judgment which is affirmed by the appellate

court. Thus, in this case, the judgment which "shall bear lawful interest" pursuant to 512.160.4 is not the June 14 judgment upon the verdict, but rather the judgment which was affirmed.

In the instant matter, the judgment which we affirmed in the first appeal was the trial court's final and appealable judgment. To determine which of the many "judgments" in this case was the final and appealable judgment, we look first to Section 537.095. Section 537.095 provides in pertinent part:

> In any action for damages under section 537.080, the trier of the facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

Section 537.095.3, R.S.Mo 2000. In a wrongful death case, prior to the entry of a judgment apportioning damages pursuant to Section 537.095, "there can be no final judgment." *Woods v. Cory,* 149 S.W.3d 912, 914 (Mo.App. S.D.2004). The judgment in this case, which states the total damages and apportions them among those persons entitled thereto, was rendered on December 6, 2001. Accordingly, the December 6, 2001 judgment is the final and appealable judgment.

Plaintiffs' reliance on *Stacy v. Truman Medical Center,* 836 S.W.2d 911 (Mo. banc 1992), and *Crystal Tire Co. v. Home Serv. Oil Co.,* 507 S.W.2d 383 (Mo.1974), is not persuasive. Both *Stacy* and *Crystal Tire* rely on Section 510.340, R.S.Mo, which governs motions for new trial and pro-

vides, in pertinent part, that "[t]he judgment shall be entered as of the day of the verdict." Rule 78.04, which also governs motions for new trial, was amended in 1994 to delete the phrase "which judgment shall be entered as of the date of the verdict." As the Western District has explained, "the deletion of the phrase indicates that the jury verdict no longer controls the filing deadline ..." for filing after trial motions. *Nandan v. Drummond,* 5 S.W.3d 552, 555 n. 1 (Mo.App. W.D.1999). Given that the "date of the verdict" language no longer applies for purposes of calculating the timing of a post-trial motion, it is improper to rely on this language for purposes of post-judgment interest.

*Stacy* and *Crystal Tire* also predate the 1994 amendment to Rule 74.01.[1] Prior to 1995, Rule 74.01 provided that "judgment" includes a decree and any order from which an appeal lies. In 1994, Rule 74.01(a) was amended to include additional language, as follows: "A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." The purpose of the amendment was to clarify when a "judgment was a final judgment for purposes of appeal." *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). Thus, it is clear that the "date of the verdict" does not control the entry of the judgment. Rather, there is no judgment unless the requisites set forth in Rule 74.01(a) are met.

Finally, the legislature defines judgment as "the final determination of the rights of the parties in an action." Section 511.020, R.S.Mo; *City of St. Louis,* 950 S.W.2d at 853. It is quite clear here that only after the trial court rendered the December 6 judgment, pursuant to Section 537.095, were the rights of the parties finally deter-

---

1. The amendments were effective on January 1, 1995. January 1, 1995.

mined. Accordingly, the trial court rendered its judgment on December 6 and post-judgment interest properly ran from that date. Point denied.

### Conclusion

The trial court's judgment is affirmed.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.