**Joe Bob LAKE, Individually and as Personal Representative of the Estate of Julia K. Lake, Appellant,**

v.

**Frank B.W. McCOLLUM, Respondent.**

No. SC 88266.

Supreme Court of Missouri, En Banc.

July 15, 2008.

Mick W. Lerner, Overland Park, KS, for Appellant.

Michael J. Kleffner, Michael D. Moeller, Bryan T. Pratt, Shook Hardy & Bacon, LLP, Kansas City, MO, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

Julia and Joe Bob Lake sued Dr. Sharon Prohaska for medical malpractice and loss of consortium, respectively. To be final, a circuit court's judgment must resolve all issues between the parties.[1] The circuit court below issued its final judgment on January 4, 2006. The Court retransfers this case to the Court of Appeals, Western District, for it to review the underlying merits of the circuit court's final judgment.[2]

---

1. This general rule has been qualified by Rule 74. *See, e.g.,* Rule 74.01(b). As this case does not raise those qualifications, the Court need not discuss them here.

2. The parties neither briefed nor argued the non-procedural merits of the appeal in this proceeding.

## I.

During a visit to Dr. Sharon Prohaska on June 28, 1999, Julia Lake received a shot of Nubain and Vistaril in order to mitigate the symptoms of a migraine headache. After receiving the shot, Julia Lake experienced a convulsion and fainting spell during which she injured her right shoulder. Julia and Joe Bob Lake sued Prohaska for medical malpractice and loss of consortium, respectively. Prior to trial, Julia Lake died, and Joe Bob Lake was substituted as personal representative of her estate.

On September 8, 2005, Prohaska moved for directed verdict at the close of plaintiff's evidence and at the close of all evidence pursuant to Rule 72.01. The circuit court deferred both motions. The jury returned a verdict in favor of Lake in the amount of $125,000. On September 12, 2005, the circuit court issued what it denominated a "judgment." In that "judgment," the circuit court recounted the timeline of the trial, recited the jury's verdict, assessed costs to Prohaska, and noted that "[t]he motions for directed verdict [would] be resolved with the post-trial motions."

Thirty-four days later, Prohaska moved for judgment notwithstanding the verdict ("JNOV"). On December 14, 2005, the circuit court entered an order, which states, in pertinent part:

> I have been working on the JNOV request. I have a question about its timeliness. The Judgment was entered on September 12, 2005. The request for JNOV was filed October 17, 2005. That is 34 days after the entry of the judgment. . . . Because it was untimely filed, the request provides no basis for relief. If that is not correct, I need to know immediately. Also, assuming there was no timely JNOV request, how long do I have to rule the Motions for Directed Verdict which I deferred at trial?

Both parties filed response briefs. On January 4, 2006, the circuit court again issued what it denominated a "judgment." In this "judgment," the circuit court granted Prohaska's motions for directed verdict and JNOV. The court concluded:

> The judgment entered September 12, 2005 was a nullity because the motions for directed verdict (D.V.) had been deferred. [Citations omitted.]

> Instead of entering judgment, I should have entered and distributed 'Trial Minutes' as is done in criminal cases. Entering judgment was misleading.

During this appeal, Prohaska died. For a number of different reasons, Lake did not comply with the requirements of Rule 52.13.[3] After this issue was brief and argued, the Court placed the case on the dismissal docket and granted Lake fifteen days to cure the error pursuant to Rule 84.08.[4] Lake timely served a motion to substitute on Frank B.W. McCollum, and the Court substituted McCollum as respondent.

3. Rule 52.13 states, in pertinent part: "Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice."

4. Rule 84.08 states:
   After the timely filing of a notice of appeal, if the appellant fails to take the further steps required to secure review of the appeal within the periods of time allowed or as extended pursuant to these Rules, the clerk shall place the case on a dismissal docket. The clerk shall serve notice on all parties that the appeal will be dismissed unless the appellant remedies the default before a specified date. The date shall not be less than 15 days from the date of the notice. If the default is not remedied by that date, an order of dismissal shall be entered.

## II.

■ This case deals with the interplay between the requirement that a final judgment "disposes of all issues as to all parties, leaving nothing for future determination," *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008), and Rule 74.01(a), which requires a final judgment to be denominated "judgment" or "decree." Although no judgment can be considered final unless so denominated, not all judgments so denominated are "final." Rule 74.01(a)'s requirement that a final judgment be denominated a "judgment" or "decree"

> is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.

*City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). In other words, Rule 74.01(a) does not abrogate the requirement that the ruling or order must clearly resolve "all issues" in order to be a final appealable judgment.[5]

The record plainly indicates that the circuit court did not consider its "judgment" on September 12 to be final. The circuit court did not resolve all issues between the parties until its "judgment" on January 4, 2006. The circuit court's final judgment is the "judgment" issued on January 4, rather than the "judgment" issued on September 12.

## III.

The case is retransferred to the Court of Appeals, Western District, for it to review

the underlying merits of the circuit court's final judgment.

All concur.

---

5. In order to avoid confusion, circuit courts should reserve the terms "judgment" and

"decree" for those rulings or orders intended to be final appealable judgments.