**Susan COLEMAN, as surviving heir of Ruthie Lacey, Deceased, Plaintiff–Respondent,**

v.

**James Darin MERITT, M.D., Defendant,**

and

**W.J. Stoecker, M.D., Defendant–Appellant.**

**No. SD 30158.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 27, 2010.

Michael J. Patton and Scott E. Bellm, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, MO, for Appellant.

David M. Zevan and Kevin J. Davison, Zevan and Davidson, L.L.C., St. Louis, MO, for Respondent.

GARY W. LYNCH, Judge.

W.J. Stoecker, M.D., appeals the trial court's judgment awarding Susan Coleman post-judgment interest from April 26, 2007, to July 3, 2008, on a wrongful-death damage award. Stoecker contends that the trial court's order entered on April 26 was not a judgment upon which post-judgment interest could accrue and that such a judgment was not entered until July 3, 2008. We agree, reverse the trial court's judgment as to the date post-judgment interest began to accrue, hold that post-judgment interest did not begin to accrue until July 3, 2008, and remand the case for the trial court to enter judgment accordingly.

### Factual and Procedural Background

Coleman originally filed suit for wrongful death against Stoecker and other defendants, including John Doe Corporation I and John Doe Defendant II, on September 20, 2002. The petition was amended by interlineation on September 11, 2006, to replace the previously named John Doe Defendant II with Cape Radiology Group, Inc.

A trial was held on March 21, 2007, after which the jury returned a verdict against Stoecker and another defendant, James Darin Meritt, M.D. Consistent with that verdict, the trial court, on April 26, 2007, filed an order that it denominated as a "judgment," awarding $1,197,500.00 in Coleman's favor and against Stoecker and Merritt jointly and severally. Four months later, the trial court amended its "judgment" to cap Stoecker's non-economic damages liability at $608,000. Neither

the "judgment" nor its amendment made any reference to defendants John Doe Corporation I or Cape Radiology Group, Inc., or the claims brought against them.

Both Coleman and Stoecker appealed the April 2007 "judgment" to this Court, and on November 20, 2007, we issued an order for the parties to show cause why the appeal should not be dismissed for lack of a final judgment. In particular, we noted that the claims against John Doe Corporation I and Cape Radiology Group, Inc., appeared pending, and that a "judgment" that does not resolve all claims as to all parties is not a final judgment from which an appeal may be taken. Therefore, we did not yet have statutory authority to review the case. In response, the parties, on June 17, 2008, filed in the trial court a "Joint Motion of Parties for Entry of Order of Dismissal" in which they sought from the trial court a formal order dismissing John Doe Corporation I and Cape Radiology Group, Inc. On that day, the trial court issued an order, which was not denominated as a judgment and which recited, "a dismissal without prejudice *should* be entered of and for Defendants Cape Radiology Group, Inc. and John Doe Corporation I." (Emphasis added).

On June 26, 2008, we issued a second order to show cause why the appeal should not be dismissed for lack of a final judgment. We explained that the trial court's order on June 17, 2008, was not denom-

inated as a "judgment," as contemplated by Rule 74.01(a)[1] and that it was unclear from the wording of the order as to whether the trial court intended this order to be its final ruling. On July 3, 2008, the trial court signed and filed an "Order and Judgment" dismissing John Doe Corporation I and Cape Radiology Group, Inc. The appeal proceeded, and the case was remanded to the trial court with directions to enter judgment in accordance with our opinion. *See Coleman v. Meritt,* 292 S.W.3d 339 (Mo.App.2009) (*"Coleman I "*).

The parties thereafter appeared before the trial court on September 25, 2009, to obtain a judgment in accordance with our opinion and mandate in *Coleman I,* but the parties were in disagreement as to the date post-judgment interest, as provided for under section 408.040, began to accrue.[2] Coleman took the position that interest began to accrue on April 26, 2007—the date the first "judgment" was signed by the trial court. Stoecker contended that post-judgment interest did not begin until July 3, 2008, when the trial court issued its "Order and Judgment" dismissing the last two remaining parties. He argued that a written, final judgment that meets the requirements of Rule 74.01 is required before post-judgment interest can begin to accrue under section 408.040, and there was no such judgment in this case until July 3, 2008.

**1.** All rule references are to Missouri Court Rules (2010).

**2.** All references to section 408.040 are to RSMo 2000. Section 408.040 was amended in 2005 by H.B. 393. 2005 Mo. Laws 643–644. In his brief, Stoecker asserts that because this action was filed before the enactment of this bill, the pre–2005 version is applicable. *See* 2005 Mo. Laws 655. Coleman does not dispute this issue in her responding brief and references " § 408.040 (2004)" in her argument. During oral argument, both parties expressly stipulated that the pre–2005 version was applicable and that the trial court had used that version with their agreement and consent in rendering its judgment. Because both parties and the trial court relied upon the pre–2005 version and no one challenges that reliance on appeal, we will proceed to decide the case on the same basis without any further discussion and without making any determination as to the applicability of either version to the facts of this case.

At the conclusion of the hearing on September 25, 2009, the trial court entered an amended judgment ordering that post-judgment interest began to accrue on April 26, 2007. Coleman filed a Partial Satisfaction of Judgment on October 6, 2009, acknowledging receipt of $1,336,030.01, in payment of the amended judgment except for that portion of the judgment awarding post-judgment interest from April 26, 2007, to July 3, 2008. Stoecker now appeals that disputed portion of the trial court's judgment asserting that application of section 408.040 requires that we find post-judgment interest did not begin to accrue until July 3, 2008.

### Standard of Review

■ When we consider an appeal arising from the interpretation and application of a statute, our review is *de novo*. *Johnson v. BFI Waste Sys. of N. Amer.*, 162 S.W.3d 127, 129 (Mo.App.2005). Accordingly, since the issue in this case is whether the trial court properly applied the statute relating to post-judgment interest, we review the trial court's judgment independently, without deference to its conclusions. *Id.*

### Discussion

Stoecker contends in his sole point on appeal that the trial court erred in awarding Coleman post-judgment interest commencing on April 26, 2007, as provided for on "judgments" in section 408.040. He argues that post-judgment interest on a "judgment" as provided by that section should only begin from July 3, 2008, the day the trial court issued its "Order and Judgment" dismissing John Doe Corporation I and Cape Radiology Group, Inc. Thus, the issue before us in considering the trial court's award of post-judgment interest commencing on April 26, 2007, is whether a "judgment" within the meaning of section 408.040 existed on that date.

Section 408.040.1 provides, "Interest shall be allowed on all money due upon any *judgment* or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property[.]" (Emphasis added). The focus of the statute "is clearly upon identifying the judgment which creates a debt or right to collection." *Johnson*, 162 S.W.3d at 129. Although the statute does not explain the meaning of "judgment," the term is defined in Missouri Supreme Court Rule 74.01, and Missouri courts have relied on this rule in interpreting "judgment" for purposes of determining when post-judgment interest commences. *See Lindquist v. Mid America Orthopaedic Surgery, Inc.*, 224 S.W.3d 593, 595 (Mo. banc 2007) (holding that, in accordance with 74.01(b), a judgment upon which post-judgment interest could accrue did not occur until the claims of all the parties had been adjudicated); *Kansas City Power & Light Co. v. Bibb & Assocs., Inc.*, 197 S.W.3d 147, 160 (Mo.App.2006) (holding that, under section 408.040.1, a "judgment does not exist until the prerequisites of Rule 74.01(a) are met").

■ Under Rule 74.01(a), a judgment "includes a decree and any order from which an appeal lies." Indeed, a " 'prerequisite to appellate review' " —and likewise, to the commencement of post-judgment interest— " 'is that there be a final judgment.' " *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App.1996) (quoting *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994)). A judgment is considered rendered when entered and is entered when "a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Rule 74.01(a).

■ Rule 74.01(b) adds the requirement that "any order or other form of decision,

however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties[.]" Thus, applying Rule 74.01(b) to section 408.040.1, a judgment that does not determine the claims as to all the parties in accordance with that rule is not a "judgment" that triggers the commencement of post-judgment interest under that statute. *See, e.g., Lindquist,* 224 S.W.3d at 595.

■ Here, the record reflects that the claims against two of the defendants named in the suit, John Doe Corporation I and Cape Radiology Group, Inc., had not been adjudicated and were still pending on April 26, 2007, the date the trial court held that post-judgment interest began to accrue. In the "judgment" it entered on that day, the trial court made no reference to either defendant or otherwise memorialized their dismissal from the case. As of that date, according to the trial court's record, Coleman's claims against these two parties were still pending because no written dismissal had been filed with the trial court nor had the trial court previously made any docket entry, order, or other type of notation reflecting their dismissal. At that time, nothing in the record suggested that these two parties had been dismissed. Thus, because the "judgment" on April 26, 2007, left unresolved the claims against John Doe Corporation I and Cape Radiology Group, Inc., it lacked the necessary finality to begin accruing post-judgment interest. We, in fact, made clear on November 20, 2007, in an order to show cause why the appeal should not be dismissed, that the April 26, 2007, judgment was not a final judgment because it

did not determine the claims against John Doe Corporation I and Cape Radiology Group, Inc.[3] In response, we were ultimately presented with a record that included the trial court's July 3, 2008, order and judgment reciting that these defendants were dismissed on that date. *Coleman I* was thereafter decided premised upon the July 3, 2008, dismissal operating as a final adjudication of all claims as to all parties as required by Rule 74.01(b).

Coleman, nevertheless, argues that, irrespective of what the record in this case reflected, John Doe Corporation I and Cape Radiology Group, Inc., were dismissed by operation of law on November 9, 2006, when Coleman announced in "open court" she was voluntarily dismissing them. She further asserts that the trial court's failure to note the dismissal on the November 9, 2006, docket entry was a clerical error for which she should not be penalized. In making these assertions, Coleman relies on a document entitled "Joint Motion of Parties for Entry of Order of Nunc Pro Tunc," which the parties at one point apparently signed, asking the trial court to correct the record *nunc pro tunc* to reflect the dismissal and further requesting that it be entered retroactive to November 9, 2006.

The substance of this joint motion was first brought to the attention of the trial court at the hearing after remand on September 25, 2009. While the trial court received the motion as an exhibit at that hearing, before that date the motion itself was either never filed with the trial court or was filed and withdrawn by the parties. The docket sheet does not show an entry reflecting that the motion was ever filed. It does contain, however, an entry on De-

---

**3.** Even though this Order was not included in the legal file, we take judicial notice of its existence, since courts may take judicial notice of their own records in prior proceedings

which are between the same parties and involve the same basic facts. *See Moore v. Missouri Dental Bd.,* 311 S.W.3d 298, 305 (Mo.App.2010).

cember 6, 2007, reciting that a "Joint Motion of Parties for Entry of Order of Nunc Pro Tunc" was withdrawn with consent of plaintiff Coleman. Regardless, Coleman maintains that this withdrawn motion is an admission by Stoecker that Coleman orally dismissed John Doe Corporation I and Cape Radiology Group, Inc., on November 9, 2006.

■ Assuming such an admission, however, Coleman, nevertheless, fails to recognize that her use of this withdrawn motion is nothing more than an attempt to re-litigate an issue previously resolved in the final judgment entered by the trial court on July 3, 2008. That judgment dismissed John Doe Corporation I and Cape Radiology Group, Inc., on that date and, as a final judgment, served as the basis for the statutory authority of this Court to hear the prior appeal. While a part of the trial court's judgment was reversed in that appeal, in all other respects, including the dismissal of John Doe Corporation I and Cape Radiology Group, Inc., on July 3, 2008, the trial court's judgment was affirmed. *Coleman I*, 292 S.W.3d at 345. "The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal." *State ex rel. Alma Tel. Co. v. Pub. Serv. Comm'n*, 40 S.W.3d 381, 388 (Mo.App.2001). The decision in the prior appeal "is the law of the case for all points presented and decided, *as well as for matters that arose prior to the first adjudication and might have been raised but were not.*" *Id.* (emphasis added).

We glean from her counsel's signature on the joint motion and the docket entry showing her consent to the joint motion's withdrawal that Coleman was well aware of the joint motion's existence before December 6, 2007. Yet, for unknown but presumably strategic reasons, she chose not to pursue this issue with the trial court at that time and, rather, consented to its affirmative withdrawal from the trial court's consideration on December 6, 2007; joined in a motion on June 17, 2008, requesting the trial court to dismiss the two defendants at that time; remained silent about it when the trial court, in response to her request, dismissed the two defendants on July 3, 2008; and failed to challenge the July 3, 2008, dismissal date in her first appeal. While Coleman may now lament her strategy in not pursuing the issue at that time, nothing in the record supports a discretionary departure from our application of the law-of-the-case doctrine to uphold the July 3, 2008, dismissal date as stated in the trial court's judgment of that date. *See, e.g., In re Estate of Corbin*, 166 S.W.3d 102, 108 (Mo.App.2005) (doctrine of law of the case precluded relitigation of issues that could have been raised in earlier proceeding but were not).

The law-of-the-case doctrine is " 'more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice.' " *Id.* at 106 (quoting *Hankins v. Hankins*, 864 S.W.2d 351, 353 (Mo.App.1993)). This order would be severely disrupted if we sanctioned Coleman's tactical actions in withholding information from the trial court and requesting the trial court to take specific action and then allowed her to rely on that withheld information to challenge the very trial court action she requested in the first instance.

■ The orderly administration of justice is not only served by the law-of-the-case doctrine, but also by upholding the verity of the record. It is well settled that courts speak only through their records, and those records import absolute verity. *State ex rel. Nassau v. Kohn*, 731 S.W.2d 840, 843 (Mo. banc 1987). Cole-

man may believe in good faith that whatever she did on November 9, 2006, was sufficient to dismiss John Doe Corporation I and Cape Radiology Group, Inc. Perhaps there was even a mutual understanding between Stoecker and Coleman that the two parties were dismissed at that time. Yet, neither extra-judicial circumstance can provide the basis for our decision, because as a reviewing court, we "must make our determination not on the facts alleged to have happened, but on the facts shown by the record." *Thornton v. Deaconess Med. Ctr.-West Campus,* 929 S.W.2d 872, 873 (Mo.App.1996). In *Thornton,* where the plaintiff's attempt to dismiss the defendants in a wrongful-death action by merely leaving a copy of his "memorandum of dismissal" in the judge's chambers was deemed ineffective, the Court wrote, "[T]o allow parties to take action in a case without notifying the court of such action or without ensuring it is noted in the record would ultimately impede the orderly administration of court processes." *Thornton,* 929 S.W.2d at 874.

A final judgment satisfying all of the Rule 74.01 requirements and upon which post-judgment interest could begin to accrue under section 408.040 was not entered until July 3, 2008, when the trial court filed an "Order and Judgment" that dismissed the previously omitted defendants. There can only be one judgment in a particular case. *Fallin v. McClain,* 639 S.W.2d 391, 391 (Mo.App.1982). Accordingly, there can never be one judgment for purposes of appeal and another judgment for purposes of determining the accrual of post-judgment interest. Because the final judgment in this case was entered on July 3, 2008, this is the date on which post-judgment interest under section 408.040 began to accrue. Stoecker's first point is granted.

### Decision

That part of the trial court's judgment commencing post-judgment interest on April 26, 2007, is reversed, and the case is remanded to the trial court for entry of a judgment ordering that post-judgment interest began to accrue on July 3, 2008. In all other respects, the trial court's judgment is affirmed.

BARNEY, P.J., and BURRELL, J., concur.