**Joe Bob LAKE, as Personal Representative of the Estate of Julia Lake and as an Individual, Appellant,**

v.

**Frank B.W. MCCOLLUM, Respondent.**

**No. WD 72232.**

Missouri Court of Appeals,
Western District.

Nov. 9, 2010.

Mick Lerner, Overland Park, KS, for Appellant.

Michael D. Moeller and Michael J. Kleffner, Kansas City, MO, for Respondent.

Before Division II: JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is a post-judgment interest case. The issue is whether post-judgment interest runs from a judgment that awarded no money to the plaintiff when the judgment is reversed on appeal with instructions to

enter judgment for the plaintiff pursuant to the jury's verdict. We hold that it does not. Therefore, we affirm.

## Facts and Procedural Background

In 2001, Julia and Joe Bob Lake[1] sued Dr. Sharon Prohaska[2] for medical malpractice and loss of consortium. In 2005, the Circuit Court of Jackson County, the Honorable Preston Dean presiding, held a jury trial on Lake's claims. Prohaska moved for directed verdict at the close of plaintiff's evidence and again at the close of all evidence. The trial court deferred ruling on both motions. The jury rendered a verdict in favor of Lake for $125,000. On September 12, 2005, the circuit court entered what it denominated as a "judgment." The "judgment" reflected the jury's verdict but stated that it would resolve Prohaska's motions for directed verdict with the post-trial motions.

Thirty-four days after the court had entered the "judgment," Prohaska filed a motion for judgment notwithstanding the verdict ("JNOV"). Lake argued that the motion should be denied because: (1) it failed on the merits; and (2) Prohaska had not filed it within thirty days of the trial court's "judgment" of September 12, 2005. *See* Rule 72.01.[3]

On January 6, 2006, the court granted Prohaska's motion for JNOV and, accordingly, entered judgment for Prohaska. In its January 6, 2006 judgment, the court found that the September 12, 2005 "judgment" was a nullity because it deferred ruling on Prohaska's motions for directed

verdict and thus did not decide all issues, as a true judgment is required to do. The court stated that the September 12, 2005 docket entry should have been entitled "Trial Minutes," not "judgment."

Lake appealed the January 6, 2006 judgment. While the appeal was pending, Dr. Sharon Prohaska died. A suggestion of death was then filed, and we dismissed Lake's appeal for noncompliance with Rule 52.13. The Supreme Court of Missouri granted transfer.

There were two issues on appeal: (1) whether Prohaska had timely filed her motion for JNOV; and (2) if she had, whether the circuit court erred in granting it. The Supreme Court affirmed the January 6, 2006 judgment with respect to the first issue. That is, it held that the September 12, 2005 docket entry (which was denominated "judgment") was not a judgment and that therefore Rule 72.01 did not require Prohaska to file her motion for JNOV within thirty days of its entry. *Lake v. McCollum*, 257 S.W.3d 614, 616 (Mo. banc 2008) (*"Lake I "*). The Supreme Court retransferred the appeal to this court to decide the second issue. *Id.* We reversed that portion of the January 6, 2006 judgment that granted Prohaska's motion for JNOV on the merits. *Lake v. McCollum*, 295 S.W.3d 529, 537 (Mo.App. W.D.2009) (*"Lake II "*). Further, we remanded to the circuit court to enter judgment for Lake in accordance with the jury's verdict. *Id.*

---

1. Joe Bob Lake pursues this appeal on behalf of himself and as a personal representative of Julia Lake, who is now deceased. This opinion will refer to the appellants collectively as "Lake."

2. Frank B.W. McCollum is the respondent here on behalf of Prohaska, who is now deceased. This opinion will hereafter refer to

the respondent and Prohaska, in her capacity as a litigant, collectively as "Prohaska." We will use Dr. Sharon Prohaska's full name when speaking of her as an individual.

3. Rule citations are to Missouri Supreme Court Rules (2010), unless otherwise indicated.

The circuit court entered judgment for the principal amount initially awarded by the jury, which Prohaska paid and which is no longer at issue. However, Lake argued below that he was entitled to interest on the principal amount, running from January 6, 2006 (the date the trial court granted the JNOV and entered judgment for Prohaska) forward. Prohaska argued that no post-judgment interest could apply until there was a judgment for the plaintiff, i.e., that post-judgment interest would not begin to run until the circuit court, on remand, entered judgment pursuant to this court's mandate. On March 4, 2010, the circuit court, the Honorable Charles Atwell presiding, entered a judgment for post-judgment interest, running from November 17, 2009, the date our mandate issued in *Lake II*. Lake appeals.[4]

### Standard of Review

Determining the date from which post-judgment interest is due is a question of law that we review *de novo*. *Lindquist v. Mid Amer. Orthopaedic Surgery, Inc.*, 224 S.W.3d 593, 594–95 (Mo. banc 2007). In reviewing an issue *de novo*, we do not defer to the circuit court. *Jablonski v. Barton Mut. Ins. Co.*, 291 S.W.3d 345, 349 (Mo.App. W.D.2009).

### Legal Analysis

Post-judgment interest is governed by section 408.040. In 2005, the legislature amended that section. The amendments apply only to actions filed after August 28, 2005. *Lindquist*, 224 S.W.3d at 595 n. 2. Since Lake filed his petition in 2001, the pre-amendment version of section 408.040 applies. It provided as follows: "[i]nterest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made." § 408.040.[5]

Under this statute, post-judgment interest runs from the date the circuit court entered judgment and not from the date the jury entered its verdict. *Lindquist*, 224 S.W.3d at 595; *Kan. City Power & Light Co. v. Bibb & Assocs.*, 197 S.W.3d 147, 161 (Mo.App. W.D.2006); *Johnson v. BFI Waste Sys. of N. Am., Inc.*, 162 S.W.3d 127, 129 (Mo.App. E.D.2005).

Such was not always the law. Section 510.340[6] and Rule 78.04 formerly provided that "judgment shall be entered as of the day of the verdict." *Johnson*, 162 S.W.3d at 130. Reading that language in conjunction with section 408.040, courts held that, for the purposes of accruing post-judgment interest, a "judgment" was automatically entered as of the date of the jury's verdict. *Stacy v. Truman Med. Ctr.*, 836 S.W.2d 911, 927–29 (Mo. banc 1992); *Crystal Tire Co. v. Home Serv. Oil Co.*, 507 S.W.2d 383, 384 (Mo.1974). Nevertheless, the Supreme Court amended Rule 78.04 in 1995, deleting the language "judgment shall be entered as of the day of the verdict," and the legislature subsequently repealed section 510.340.[7] *John-*

---

4. Prohaska does not cross-appeal the issue of awarding post-judgment interest from the date of our mandate as opposed to the date of the circuit court's judgment for the plaintiff *pursuant* to our mandate, and we therefore do not address that issue.

5. All citations to section 408.040 are to RSMo 2000, as updated through the 2001 cumulative supplement.

6. Citations to section 510.340 are to RSMo 2000.

7. The legislature did not repeal section 510.340 until 2005. However, when a Supreme Court rule and a statutory provision conflict, the former trumps, provided it relates to practice, procedure, or pleadings in the courts. *State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo. banc 1995). Determining the date when a judg-

*son,* 162 S.W.3d at 130. As noted, this amendment effected a change in the law for the purposes of determining when post-judgment interest accrues: from 1995 onward, it accrues on the date the trial court entered judgment, not the day of the jury's verdict. *Kan. City Power & Light Co.,* 197 S.W.3d at 160–61; *Johnson,* 162 S.W.3d at 129–30.

**I. Post-judgment interest did not run from the judgment of January 6, 2006, because no money was due from that judgment.**

█ Lake argues that, under section 408.040, post-judgment interest runs from the judgment of January 6, 2006. We disagree.

We must give a statute its plain and ordinary meaning, and, if the language is unambiguous, our inquiry ends there. *Brown ex rel. K.R.P. v. Penyweit,* 219 S.W.3d 829, 835 (Mo.App. W.D.2007). The relevant version of section 408.040 provided as follows: "[i]nterest shall be allowed on all *money due upon any judgment or order* of any court from the day of rendering the same until satisfaction be made." § 408.040.1 (emphasis added). The italicized language is unambiguous: if no money is due upon a judgment, then post-judgment interest does not run on it. As explained in *Johnson,*

> Notably, Section 408.040.1 ... specifies that the interest shall be allowed on money which is due upon a judgment. The statute's focus is clearly upon identifying the judgment which creates a debt or right to collection. As the Supreme Court has held, "due," in the context of Section 408.040.1, means

"time for payment." *Kennard v. Wiggins,* 353 Mo. 681, 183 S.W.2d 870, 872 (Mo.1944). Where, "under said judgment there could be no process for collection of money," such judgment does not trigger the running of post-judgment interest. *Id.*

162 S.W.3d at 129. Since no money was due upon the judgment of January 6, 2006, post-judgment interest did not run on it. *See id.*

Lake cites cases in which post-judgment interest was allowed to run from the *jury's verdict* when the trial court erroneously granted the defendant's motion for JNOV. *Stacy,* 836 S.W.2d 911; *Home Ins. Co. v. Woods,* 274 S.W. 520, 521 (Mo.App.1925). Those cases, however, were decided before the amendments to Rule 78.04 took effect. As explained above, it is settled law that the amendments to Rule 78.04 changed the date of post-judgment interest accrual from the date of the jury's verdict to the date of the trial court's entry of judgment. *Kan. City Power & Light Co.,* 197 S.W.3d at 160–61; *Johnson,* 162 S.W.3d at 129–30; *see also Lindquist,* 224 S.W.3d at 595 (so holding without discussion of the amendments to Rule 78.04). Thus, in the cases relied upon by Lake, there was "money due upon [a] judgment," section 408.040, on the date of the jury's verdict because, at the time, the day of the verdict was, *ipso facto,* the date of the judgment. *See Stacy,* 836 S.W.2d at 928. By contrast, there was no "money due" upon the judgment of January 6, 2006.

Lake also relies heavily on *Sebastian County Coal & Mining Co. v. Mayer,* 310 Mo. 104, 274 S.W. 770 (1925); however,

---

ment is rendered is clearly a question of practice, procedure, or pleading, and therefore the relevant amendments to Rule 78.04 were effective in 1995, notwithstanding the continued existence of section 510.340 until 2005. *See id.* If there were any doubt that the

relevant language of section 510.340 was inapplicable from 1995 onward, we settled it in *Kansas City Power & Light Co.,* 197 S.W.3d at 160–61, as did the Eastern District of this court in *Johnson,* 162 S.W.3d at 130.

that case is also distinguishable. In *Sebastian*, there were three defendants: Fidelity Fuel Co. ("Fidelity"), John Mayer, and Mayer Coal Company. *Id.* The plaintiff had entered into a lease with Fidelity Fuel Co., and it was undisputed that the latter had defaulted on the lease. *Sebastian County Coal & Mining Co. v. Fidelity Fuel Co.*, 310 Mo. 158, 274 S.W. 774, 775–76 (1925).[8] The only issue was whether John Mayer and Mayer Coal Company (collectively, "Mayer defendants") were liable for Fidelity's lease obligation.[9] John Mayer had acquired all of the assets of Fidelity Fuel Co., and the plaintiff argued that the Mayer defendants had also guaranteed the lease obligation. *Sebastian*, 274 S.W. at 770–71. The trial court entered judgment against Fidelity, *Fidelity Fuel Co.*, 274 S.W. at 775, but it also found that the Mayer defendants were not liable on Fidelity's lease. *Sebastian*, 274 S.W. at 770. Our Supreme Court reversed, finding that the Mayer defendants had guaranteed the lease payments. *Id.* at 774. It instructed the trial court to modify the judgment that the trial court had previously entered against Fidelity to include a finding that the Mayer defendants were also liable on the lease, and it noted that post-judgment interest should run from the date of the original judgment. *Id.*

*Sebastian* is distinguishable because, in that case, there was a judgment from which money was due. *See Fidelity Fuel Co.*, 274 S.W. at 775. The issue was simply whether the lessee's successor in interest and his associated entity were also liable on the lease as guarantors—that is, whether they should also be included as debtors to the same judgment that the trial court had previously entered. *Sebastian*, 274 S.W. at 774 ("[T]he circuit court [shall] modify its judgment as to make [the Mayer defendants] liable along with the Fidelity Fuel Company, for the amount adjudged to be due plaintiff."). As noted, here, there was no money due from the judgment of January 6, 2006, whether from Prohaska or from any party with whom Prohaska was in privity. Accordingly, *Sebastian* does not apply to the facts of this case.[10]

No money was due from the judgment of January 6, 2006, and therefore post-judgment interest did not run from that date. § 408.040.

**II. Post-judgment interest did not run from the docket entry of September 12, 2005 because, although it was denominated "judgment," it was not a judgment.**

■ Lake also argues that post-judgment interest should run from the docket entry of September 12, 2005, because it was a "judgment" or "order" under section 408.040.[11] We disagree.

Post-judgment interest runs from the date the circuit court entered judgment. *Lindquist*, 224 S.W.3d at 595; *Kan. City Power & Light Co.*, 197 S.W.3d at 161; *Johnson*, 162 S.W.3d at 129. The Supreme Court of Missouri has already held

---

8. There were two appeals concerning the same facts, and our Supreme Court decided them on the same day. We will refer to the companion case as "Fidelity Fuel Co."

9. Fidelity also argued that it was entitled to a setoff for certain property that the plaintiff had allegedly converted, but that issue is not relevant here. *Fidelity Fuel Co.*, 274 S.W. at 775.

10. We also note that *Sebastian* was decided well before the Supreme Court amended Rule 78.04.

11. Though he makes this argument, Lake has not prayed for post-judgment interest for the interval between the September 12, 2005 order and the January 4, 2006 judgment in favor of defendant.

that the docket entry of September 12, 2005, was not a judgment because it did not decide all issues of the case. *Lake I,* 257 S.W.3d at 616. In the docket entry of September 12, 2005, the circuit court specifically stated that it would decide the motions for directed verdict at a later date. Subsequently, the court stated that the docket entry of September 12, 2005, was a "nullity" and that it should have been denominated "Trial Minutes." Thus, that the docket entry of September 12, 2005, was not a judgment is the law of this case, *see id.*, and, even if it were not, we would still hold that it was not a judgment. *See Brooks v. State,* 242 S.W.3d 705, 708 (Mo. banc 2008) ("A final judgment disposes of all issues as to all parties, leaving nothing for future determination.").

 Lake urges us to hold that post-judgment interest ran from the docket entry of September 12, 2005, because, even though it was not a judgment, it was at least an "order" as contemplated by section 408.040.[12] *See* § 408.040 ("Interest shall be allowed on all money due upon any judgment *or order* ....") (emphasis added). We decline to do so for two reasons. First, no money is due upon an interlocutory order. *State ex rel. Lumber Mut. Ins. Co. v. Ohmer,* 131 S.W.3d 872, 874 (Mo.App. E.D.2004). Thus, while we agree that the docket entry of September 12, 2005, was an "order," *see* Rule 74.02, it was not an order upon which money was due, *see Ohmer,* 131 S.W.3d at 874, and therefore it did not trigger section 408.040. Second, to hold that post-judgment interest runs from a mere order would be to overrule *Lindquist,* 224 S.W.3d at 595, which held that post-judgment interest under section 408.040 runs only upon a judgment. We will not (and cannot) do so. Mo. CONST. art. V, § 2.

### Conclusion

No money was due upon the judgment of January 6, 2006, and therefore post-judgment interest did not run on it. The docket entry of September 12, 2005, was not a judgment, and therefore post-judgment interest did not run on it. Accordingly, we affirm the circuit court's judgment.

JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA, Judge, concur.

---

**12.** In Missouri a written entry signed by the trial court is either a judgment, *see* Rule 74.01, or an order. Rule 74.02; *Stacy,* 836 S.W.2d at 928.